UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



THOMAS A. MCELVY,

    Plaintiff,

v.                                                   ACTION NO. 2:13cv377

NATIONSTAR MORTGAGE, INC.,

    Defendant.

## DISMISSAL ORDER

Plaintiff filed this pro se action, which arises out of a foreclosure proceeding. Plaintiff contends that Defendant Nationstar Mortgage violated the Fair Debt Collections Practices Act in communicating with him about his mortgage.[1] McElvy previously filed another action against Nationstar in this Court, Action No. 2:12cv502.[2] In Action No. 2:12cv502, McElvy contended that Nationstar had committed fraud and other wrongdoing while attempting to foreclose after Plaintiff's default. Plaintiff filed Action No. 2:12cv502 on September 14, 2012. The Court dismissed Action No. 2:12cv502 by Dismissal Order dated April 29, 2013, which granted Nationstar's Motion for Judgment on the Pleadings. The Court of Appeals for the Fourth Circuit affirmed the dismissal on November 6, 2013.

---

[1] The Complaint also references violations of unspecified "common law" and of "basic concepts or fairness, honesty, and fair play." To the extent any such claims are cognizable, they would arise under state law. Therefore, the Court declines to exercise supplemental jurisdiction over them.

[2] Plaintiff's substantial litigation history with regard to his mortgage is recounted in Defendant's Memorandum of Law in Support of its Motion to Dismiss (D.E. # 10 at 2-4 n.2-3). Plaintiff has filed at least nine actions in state, federal, and bankruptcy courts related to his mortgage.

Plaintiff first contends that the Court should grant him a default judgment because Defendant did not timely answer the Complaint. Plaintiff filed this action in July 2013, and sent Defendant Nationstar a waiver of service form on July 16, 2013. Defendant Nationstar did waive service, so its responsive pleadings to the Complaint would have been due sixty days later on September 14, 2013. Prior to this date, however, Plaintiff filed an Amended Complaint as a matter of right on September 3, 2013. Once Plaintiff's Amended Complaint was filed, it became the operative document defining Plaintiff's claims. Pursuant to Fed. R. Civ. P. 15(a)(3), Defendant then had to respond to the Amended Complaint within fourteen days of the date of the Amended Complaint's filing or the time remaining to respond to the original Complaint, whichever was later. Therefore, Defendant had until September 17, 2013, to file its responsive pleading. Defendant filed its Motion to Dismiss on this date, so there was no default. Plaintiff's requests for entry of default (D.E. ## 12, 16) are therefore **DENIED**.

Defendant Nationstar filed a Motion to Dismiss this action. Plaintiff was advised of his right to respond in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he did respond. For the reasons set forth below, the Court will grant the Motion.

In its Motion to Dismiss, Defendant contends that this action should be dismissed because it is barred by res judicata. Plaintiff first argues that Defendant waived this defense because it did not file an Answer. This is incorrect; res judicata may be asserted in a Motion to Dismiss. Thomas v. Consolidation Coal Co., 380 F.2d 69, 75 (4th Cir.1969) ("Plaintiffs contend that res judicata cannot properly be raised in the context of a motion to dismiss, an argument which we reject as against the weight of authority.").

Res judicata bars claims when 1) a final judgment on the merits has been rendered in a prior suit, 2) the parties to the suits are identical or are in privity, and 3) the facts or transaction giving rise to the claims are the same. Pension Benefit Guaranty Corp. v. Beverly, 404 F.3d 243, 248 (4th Cir. 2005); Meekins v. United Transp. Union, 946 F.2d 1054, 1058 (4th Cir. 1991). The facts out of which this action arises are undoubtedly the same facts that gave rise to the claims in Action No. 2:12cv502. Plaintiff, with only the limited exception discussed below, does not contest this. The parties to the suits filed by Plaintiff are identical. Thus, elements 2 and 3 are clearly satisfied. But, Plaintiff disputes that the prior dismissal was a final judgment on the merits, contending that his prior action was merely "dismissed," not dismissed "with prejudice." The prior action was, however, dismissed on the merits with prejudice. D.E. # 15 in Action No. 2:12cv502 at 5 (granting Motion for Judgment on Pleadings and dismissing action). Unless a dismissal explicitly states that it is without prejudice, the dismissal is with prejudice and considered an adjudication on the merits. Fed. R. Civ. P. 41(b). Plaintiff also appealed the dismissal to the Fourth Circuit, which affirmed the dismissal on the merits. Therefore, res judicata bars any claims that could have been asserted at the time of the filing of the prior action, even if all such claims were not asserted at that time. Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc., 892 F.2d 355, 359 (4th Cir. 1989). Accordingly, the bulk of Plaintiff's claims in this action are clearly barred.

Plaintiff contends, however, that facts arising and actions occurring after the date of filing of Action No. 2:12cv502 can support this subsequent action. Plaintiff filed Action No. 2:12cv502 on September 14, 2012. Therefore, Plaintiff contends that he may maintain a suit based upon events occurring after September 14, 2012. Plaintiff asserts that, after September 14, 2012, Defendant sent him Monthly Statements and that Defendant's electronic system contained references to amounts

that had not been adequately explained to him. Compl. ¶¶ 22-25. Specifically, Plaintiff asserts that Defendant claimed to be owed $12,217.14 for legal fees, $994 for property inspection fees, and approximately $60,000 for a "corporate advance" or "lender paid expenses," the payments advanced or forestalled under Plaintiff's forbearance plan. Compl. ¶¶ 18, 22-25. Plaintiff contends that Defendant's references to these amounts violated the FDCPA. However, these amounts were also referenced by Defendant prior to September 14, 2012. Exhibit 9 to Plaintiff's Complaint is a letter from Defendant to Plaintiff dated September 6, 2012, that specifically references the claimed legal fees and property inspection fees. Likewise, Defendant noted and claimed the forbearance amounts in correspondence dated June 19, 2012, and August 14, 2012. Exs. 3 and 7 to Compl. Therefore, the "new" facts relied upon by Plaintiff were not, in fact, new and could have been included in his prior action. Therefore, claims based upon these facts also would be barred by res judicata.

Even were the Court to assume that Defendant's continued, subsequent references to these amounts could, in theory, support a claim not barred by res judicata, Plaintiff failed to establish a plausible claim of entitlement to relief under the Fair Debt Collection Practices Act. Plaintiff contends the Monthly Statements, correspondence, and electronic system violated 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g. Plaintiff, however, sets forth no facts indicating that the contacts were in any way harassing or abusive, so § 1692d is not implicated. Plaintiff does not explicitly claim that these amounts were false in that they were not owed or authorized, that they were erroneously calculated, or that they were not permitted by law. Instead, Plaintiff merely complains that he received "no explanation" about the amounts despite repeated requests for detail. Therefore, Plaintiff has not set forth facts indicating a plausible claim that these amounts were not authorized or were wrongfully claimed such that §§ 1692e or 1692f would be implicated. Plaintiff complains

that the required statutory disclosures about debt collection mandated by § 1692g were not included in certain of the correspondence, but the disclosures are required only in the initial communication about the debt or within five days of that initial communication. Even if the Court gives Plaintiff the benefit of the earliest dates he references and counts those as the "initial communications" regarding the claimed amounts, any claim that required disclosures were not made would be time-barred because such claims would have accrued prior to one year before the filing date of this action. See 15 U.S.C. § 1692k(d) (establishing the one-year limitations period for FDCPA claims). Finally, Plaintiff does not assert that he made any demands in writing that Defendant verify the amounts he now disputes, such that the collections activity prohibition of § 1692g would apply. Therefore, Plaintiff failed to identify a plausible claim of entitlement to relief as to any FDCPA claim based upon events occurring after September 14, 2012.

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** this action.

Plaintiff is **ADVISED** that he may appeal from this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this Dismissal Order.

The Clerk is **DIRECTED** to send a copy of this Dismissal Order to Plaintiff and counsel for Defendant.

IT IS SO **ORDERED**.

/s/ *[signature]*
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

March 10, 2014